UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NICOLE HEBERT** | **CASE NO. 6:20-CV-00622** |
| **VERSUS** | **JUDGE JUNEAU** |
| **REPUBLIC SERVICES ALLIANCE GROUP INC ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss under F.R.C.P. Rule 12(b)(6) filed by Republic Services Alliance Group, Inc. and BFI Waste Services, LLC (collectively "Republic"). (Rec. Doc. 6). Plaintiff opposed the Motion (Rec. Doc. 14), and Defendants replied (Rec. Doc. 16). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Republic's Motion be GRANTED IN PART, DENIED IN PART, AND DENIED IN PART WITHOUT PREJUDICE to Defendant's right to re-urge the Motion after an opportunity for Plaintiff to amend as outlined below.

### Factual Background

Initially, the Court notes that the below factual background is derived from Plaintiff's Petition (Rec. Doc. 1-1, p. 5-9) and the following documents attached to

Defendants' Motion: the Severance Agreement, referred to in the Petition as "release" (Rec. Doc. 6-1, p. 32-37); March 27, 2019 correspondence from Plaintiff to Republic representatives (Rec. Doc. 6-1, p. 39-40); and an April 4, 2019 check from BFI to Plaintiff in the amount of $3,495.04 (Rec. Doc. 6-1, p. 43). Generally, in ruling on a motion pursuant to F.R.C.P. Rule 12(b)(6), the court is limited to the contents of the pleadings and the documents attached thereto; however, the court may refer to documents attached to a motion to dismiss if they are referenced in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). In attaching such documents, the defendant has "merely assist[ed] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id*. Because the Court finds that the documents attached to Defendants' Motion are referenced in the Petition and are central to her claims, the Court will consider these documents in addition to the Petition.

Plaintiff, Nicole Hebert, filed this suit in Louisiana state court against her former employer, Republic, asserting claims for wages and penalties under the Louisiana Wage Payment Act, breach of contract, unjust enrichment, defamation, and claims arising under the Louisiana Unfair Trade Practices statute. She also seeks declaratory judgment nullifying and voiding the Severance Agreement which is at the heart of this dispute. (Rec. Doc. 1-1, p. 5-9).

Plaintiff alleged that she was terminated from her job as Municipal Manager by Republic on March 25, 2019 after she made a series of complaints about her supervisor and general manager, Steve Sytsma.[1] (Rec. Doc. 1-1, p. 5, ¶3-4). At the time of her termination, she alleged that she was required to sign a "release" without being given the opportunity to review it and consult with an attorney, that the contents and effect of the document were misrepresented to her, and that she would be able to revoke the document at a later date (*Id.* at p. 6, ¶5). She sent a letter to Republic on March 27, 2019 revoking her signature on the Severance Agreement. (*Id.*; Rec. Doc. 6-1, p. 39)

She further alleged that she made a verbal demand for payment of wages and reimbursable expenses on March 25, 2019 and a written demand on March 28, 2019. (*Id.* at p. 6, ¶6-7). On April 2, 2019 she made a written demand for Republic to separate the severance payments from the payment of earned wages and reimbursable expenses. (*Id.* at p. 6, ¶8). She made a third demand on June 14, 2019, stating her intent to file suit under the Louisiana Wage Payment Statute and other theories of recovery. (*Id.* at p. 6, ¶9).

Republic issued a check to Plaintiff on April 4, 2019 in the amount of $3,495.04, which, according to the Petition, combined a monthly prorated severance

---

[1] Although named a defendant, Sytsma has not been served; however, he did consent to Republic's removal. (Rec. Doc. 1-1, p. 31).

amount and her regular wages. (*Id*. at p. 6, ¶10; Rec. Doc. 6-1, p. 43). Plaintiff alleged Republic purposefully combined the wages owed with the severance payment so that if she cashed the check, she could arguably be deemed to have accepted the terms of the severance agreement. (*Id*. at p. 6-7, ¶10). Further allegations indicate that she did not cash the check. (*Id*. at p. 6-7, ¶10-14). In addition to wages and reimbursable expenses, Plaintiff also seeks commissions, and an accounting thereof, on sales and contracts she obtained for Republic. (*Id*. at p. 6-7, ¶11).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission regarding alleged harassment by Sytsma and discrimination and retaliation by Republic. That complaint remains pending, and those charges are not currently included as claims in this suit. (*Id*. at p. 6-7, ¶4, 16, 21).

Republic filed the Motion to Dismiss at issue seeking to dismiss Plaintiff's claims for declaratory relief (which seeks nullification of the severance agreement), breach of contract, defamation, claims under the Louisiana Unfair Trade Practices Act (LUTPA), unjust enrichment, claims under the Louisiana Wage Payment Act (LWPA), and all claims against Sytsma.

## Law and Analysis

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007). Thus, Louisiana substantive law applies in this case.

### I. Law applicable to Rule 12(b)(6).

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir.2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v.*

*Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008). With these precepts in mind, the Court considers the allegations of the Petition, together with the Severance Agreement (Rec. Doc. 6-1, p. 32-37), the March 27, 2019 correspondence from Plaintiff to Republic representatives (Rec. Doc. 6-1, p. 39-40), and the April 4, 2019 check from BFI to Plaintiff (Rec. Doc. 6-1, p. 43).

### II. <u>Whether the Severance Agreement should be nullified.</u>

Republic first moves to dismiss Plaintiff's claim for declaratory relief, arguing that the severance agreement is enforceable and requires dismissal of Plaintiff's claims. The Court agrees with the parties' classification of the Severance Agreement as a release or compromise.

7

Louisiana law governs the validity of the purported compromise. The Louisiana Civil Code establishes the relevant law: A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3080. A compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts, such as duress. La. C.C. art. 3082; 1959.

The party seeking to nullify the agreement bears the burden of proof. *City of Baton Rouge v. Douglas*, 2007-1153 (La. App. 1 Cir. 2/8/08), 984 So. 2d 746, 749, *writ denied,* 2008-0939 (La. 6/20/08), 983 So. 2d 1284. "Courts will not invalidate [] settlements absent a strong showing that they violate good morals or the public interest because of error, bad faith, or fraud." *Id*.

Defendants maintain that the Severance Agreement is a valid and enforceable contract. Plaintiff argues that the Severance Agreement should be nullified because she signed it under fraud and duress, rendering it null and void for lack of consent. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other; fraud may also result from silence or inaction. La. C.C. art. 1953. Under either federal or state rules, fraud must be pled with particularity. F.R.C.P. Rule 9(b);

La. C.C.P. art. 856. State law claims of fraud should comply with federal law pleading requirements, particularly Rule 9(b), as no reason justifies a distinction between state and federal law in this regard. *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997). Pleading fraud with particularity requires allegations regarding the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Id.* (internal citations omitted). Put simply, Rule 9(b) requires "the who, what, when, where, and how" to be laid out. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir.), *opinion modified on denial of reh'g,* 355 F.3d 356 (5th Cir. 2003), citing *Williams*, 112 F.3d at 179.

Plaintiff did not actually plead "fraud" in her Petition; however, she alleged that Defendants "misrepresented the contents and effect of the lengthy document, and further advised her that she could revoke the document at a later date." (Rec. Doc. 1-1, p. 5, ¶5). Plaintiff argues in opposition to Defendants' Motion that she was told she would not get her check if she did not sign the severance agreement and that she would be able to change her mind for 21 days after signing, "like buying a house." (Rec. Doc. 14, p. 7). These specific facts are not alleged in the Petition. Plaintiff presents other factual allegations in her Opposition which are not included in the Petition (See e.g. Rec. Doc. 14, p. 8, regarding Sytsma's alleged actions and Plaintiff's mental state), but the Court is constrained to only consider those facts

9

alleged in the pleadings and the specific documents central to and referenced therein. Therefore, the Court finds that Plaintiff has not sufficiently pled fraud as a reason to nullify the Severance Agreement. However, the court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Therefore, the Court finds that Plaintiff should be permitted the opportunity to amend the Petition to state additional allegations pertaining to fraud, such as those set forth in her Opposition to Defendants' Motion and in her settlement demand referenced therein. (See Rec. Doc. 14, p. 4, fn. 1, referencing Rec. Doc. 1-1, p. 33-38).

For the same reason Plaintiff has not sufficiently pled fraud, the Court finds that she has likewise failed to allege facts showing duress capable of vitiating her consent to the Severance Agreement. Consent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation. La. C.C. art. 1959. Age, health, disposition, and other personal circumstances of a party must be taken into account in determining reasonableness of the fear. *Id*. As in her case for nullification based on fraud, Plaintiff's Opposition to Defendants' Motion to Dismiss and her pre-suit settlement demand referenced therein set forth various factual allegations pertaining

to her claims of duress. (See e.g. Rec. Doc. 14, p. 8, and Rec. Doc. 14, p. 4, fn. 1, referencing Rec. Doc. 1-1, p. 33-38). Plaintiff should be permitted the opportunity to amend the Petition to set forth these allegations.

### III. Whether Plaintiff has stated a claim for breach of contract.

Plaintiff's breach of contract claim appears to arise out of her claim for commissions from sales and contracts she obtained for Republic. (Rec. Doc. 1-1, p. 7, ¶15). Under Louisiana law, the essential elements of a breach of contract claim are (1) the existence of a contract; (2) the party's breach thereof; and (3) resulting damages. *Padian v. Algiers Charter Sch. Ass'n, Inc.,* 2019-0201 (La. App. 4 Cir. 6/19/19), 274 So.3d 1266, 1268. The requirements for a valid contract in Louisiana are well-established:

> A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. An obligation cannot exist without a lawful cause. La. C.C. art. 1966. Cause is the reason why a party obligates himself. La. C.C. art. 1967. Where there is no "meeting of the minds" between the parties, there is no consent, thus no enforceable contract.
>
> *Ricky's Diesel Serv., Inc. v. Pinell*, 2004-0202 (La. App. 1 Cir. 2/11/05), 906 So. 2d 536, 538

Although a contract may be either express or implied,[2] Plaintiff has not alleged facts showing the existence of any contract sufficient to trigger breach of

---

[2] See *Okuarume v. S. Univ. of New Orleans*, 2017-0897 (La. App. 4 Cir. 4/25/18), 245 So. 3d 1260, 1265, *writ denied,* 2018-0880 (La. 9/28/18), 252 So. 3d 927.

11

contract claims. She alleges only that, "[t]he terms of [her] employment included commissions on sales and contracts obtained to and for the benefit of Republic." (Rec. Doc. 1-1, p. 7, ¶15). Moreover, Louisiana is an employment at-will state:

> There is a presumption that employment is at-will and, accordingly, the party seeking damages under an alleged contract of employment for a limited term bears the burden of proving he had a meeting of minds with [the other party] on the terms of employment. "When a contract does not provide for a limited term, an employer can dismiss an employee at any time and for any reason without incurring liability."

*Padian*, 274 So.3d at 1268, quoting *Read v. Willwoods Cmty,* 2014-1475, p. 5 (La. 3/17/15), 165 So.3d 883, 887.

The Petition does not allege the existence of any contract between Plaintiff and Republic. To the extent Plaintiff relies on the existence of an implied contract, the facts as pled are insufficient to show a meeting of the minds on the terms of her employment, namely the payment of commissions. Thus, the Court finds that she should be allowed to amend the Petition to set forth additional facts in support of her breach of contract claim, and, to the extent she relies on an implied contract, to allege facts supporting the existence thereof.

### IV. **Whether Plaintiff has stated a claim under LWPA.**

The Louisiana Wage Payment Act (LWPA) requires employers to pay terminated or resigned employees at the earlier of their next pay cycle or within fifteen days of termination/resignation. La. R.S. 23:631(A)(1). Payment is to be made in the same place and manner as was customary during the employment,

except that payment may be sent by United States mail to the employee's address on file. La. R.S. 23:631(A)(2). In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in 23:631(A). Failure to comply with the statute subjects the employer to penalties. La. R.S. 23:632.

In order to state a claim under LWPA, the plaintiff must show: (1) wages were due and owing; (2) demand for payment was made at the place where the employee was usually paid; and (3) the employer failed to pay upon demand. *Schuyten v. Superior Sys., Inc.,* 2005-2358 (La. App. 1 Cir. 12/28/06), 952 So. 2d 98, 102. Plaintiff correctly notes that the only issue in dispute is whether Republic failed to pay upon demand. Defendants maintain that by having simply mailed Plaintiff a check, which included her unpaid wages, they have complied with the LWPA. They argue that Plaintiff's failure to cash the check should not be deemed a failure to pay sufficient to trigger liability.

The parties do not dispute that the April 4, 2019 check for $3,495.04 includes at least some portion of earned wages, with the balance constituting an amount dictated by the Severance Agreement. Plaintiff has refused to cash the check, fearful that such action may arguably be deemed to constitute tacit acceptance of the

Severance Agreement.³ The parties did not cite any factually similar cases; however, Plaintiff relies on several Louisiana cases for the proposition that conditional payments of wages violate the LWPA. See e.g. *Hanks v. Louisiana Companies*, 2016-334 (La. App. 3 Cir. 12/14/16), 205 So.3d 1048, 1057, *writ denied,* 2017-0260 (La. 5/19/17), 220 So. 3d 749 ("An employer who conditions the payment of wages due a terminated employee upon the employee signing a form "releasing all rights" against the employer is in violation of [the LWPA]."). Plaintiff's position that Republic's commingling of a severance payment with earned wages constitutes a conditional payment is arguable. After all, Plaintiff cannot be expected to cash only a portion of the check. Her demand that Republic itemize and separate the wages from the disputed amounts seems reasonable, but it is unclear whether Republic's refusal to do so should constitute a breach of the LWPA. As such, the Court is not prepared at this stage of the proceeding to dismiss Plaintiff's LWPA claims.

V.     **Whether Plaintiff has stated a claim under LUTPA.**

The Fifth Circuit recently set forth the law applicable to the Louisiana Unfair Trade Practices Act (La. R.S. 51:1405 *et seq*.) as follows:

> LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

---

3   Perhaps Plaintiff is leery of La. C.C. are. 3079: A compromise is also made when the claimant of a disputed or unliquidated claim, regardless of the extent of his claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation.

> La. Rev. Stat. § 51:1405(A). It affords a private right of action to "[a]ny person who suffers any ascertainable loss" as a result of the unlawful conduct. § 51:1409(A). To recover, the plaintiff must prove some element of fraud, misrepresentation, deception or other unethical conduct.
>
> What constitutes an unfair trade practice is determined by the courts on a case-by-case basis. But a court should find a practice unfair under the statute only when the practice offends established public policy and is immoral, unethical, oppressive or unscrupulous…The range of prohibited practices under LUTPA is extremely narrow and includes only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct. The defendant's motivation is a critical factor—his actions must have been taken with the specific purpose of harming the competition.
>
> *IberiaBank v. Broussard*, 907 F.3d 826, 839–40 (5th Cir. 2018) (citations and internal quotations omitted).

The Court finds that Plaintiff's allegations as stated—that Defendants made her sign the Severance Agreement upon threat of not receiving her check and misrepresenting to her that she could revoke the agreement in twenty-one days—do not currently rise to the level of immoral, unethical, oppressive, unscrupulous, and egregious actions contemplated by LUTPA. Plaintiff did not oppose Defendants' Motion in this regard. Thus, the Court finds that her LUTPA claims should be dismissed.

## VI.     **Whether Plaintiff has stated a claim for unjust enrichment.**

Louisiana unjust enrichment claims are governed by La. C.C. art. 2298:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment

results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The Louisiana Supreme Court has instructed that recovery for unjust enrichment is unavailable where other remedies exist:

> Pursuant to La. Civ.Code art. 2298, the remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy. The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided.

*Walters v. MedSouth Record Mgmt., LLC*, 2010-0353 (La. 6/4/10), 38 So. 3d 243, 244 (internal citations and quotations omitted).

Defendants argue, correctly, that Plaintiff has also asserted various other claims available under the law, each discussed above. Plaintiff did not oppose Defendants' motion to dismiss her unjust enrichment claims. The Court agrees that these claims should be dismissed.

## VII. Whether Plaintiff has stated a claim for defamation.

"[I]n order to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So. 2d 129, 139–40 (citations and internal quotes omitted). Plaintiff alleged in a single sentence in the Petition that "[o]n information and belief, [Plaintiff] learned that company officials of Republic defamed her to others in the business community in which she works." (Rec. Doc. 1-1, p. 8, ¶22). The Court finds

16

that this conclusory statement lacks the specification necessary to state a claim for defamation. Plaintiff did not oppose Defendants' Motion in this regard.

### VIII. **Whether Plaintiff has stated a claim against Sytsma.**

Defendants last seek to dismiss all claims against Plaintiff's supervisor, Sytsma, on whom Plaintiff withheld service.[4] The Court is not prepared to consider any claims against Sytsma at this point in the proceedings. Unserved, non-appearing defendants are not considered parties to a suit. *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1473 (5th Cir. 1990). Further, "[i]t is generally accepted that parties lack standing to seek dismissal of parties other than themselves." *Lahman v. Nationwide Provider Sols.,* No. 4:17-CV-00305, 2017 WL 4169000, at *2 (E.D. Tex. Sept. 20, 2017). See also *Carroll v. SGS N. Am., Inc.,* No. CV 16-537-SDD-RLB, 2018 WL 793610, at *1 (M.D. La. Feb. 8, 2018). Thus, the Court declines to consider Republic's Motion to the extent it seeks dismissal of claims against Sytsma.

---

[4] Unserved defendants are not required to consent to removal. See *Jones v. Houston Indep. Sch. Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992). Nevertheless, Sytsma consented to Republic's removal. (Rec. Doc. 1-1, p. 31). The Court is not aware of any jurisprudence holding that an unserved defendant's consent to removal constitutes waiver of service or a formal appearance. See discussion in *LaPoint v. Amtrak*, No. 2:12-CV-1213, 2013 WL 210185, at *2 (W.D. La. Jan. 17, 2013).

17

## Conclusion

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss should be GRANTED IN PART, DENIED IN PART, AND DENIED IN PART WITHOUT PREJUDICE. The Court recommends that Defendants' Motion be GRANTED insofar as it seeks dismissal of Plaintiff's LUTPA, unjust enrichment, and defamation claims. The Court recommends that Defendants' Motion be DENIED insofar as it seeks dismissal under the LWPA. The Court recommends that Defendants' Motion be DENIED WITHOUT PREJUDICE insofar as it seeks dismissal of Plaintiff's claims for declaratory relief (regarding nullity of the Severance Agreement) and for breach of contract, and that Plaintiff be given fifteen (15) days to amend her Petition in order to state claims for declaratory relief regarding nullification of the Severance Agreement and breach of contract. Finally, the Court recommends that Defendants' Motion be DENIED WITHOUT PREJUDICE insofar as it seeks dismissal of Plaintiff's claims against Sytsma.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of June, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE